PER CURIAM.
I,We find that in the medical malpractice arena where liability must be first established against a medical provider for a maximum recovery of $100,000, and then a further claim may be pursued for certain specified damages against the Plaintiffs Compensation Fund, that the two claims, at least in the matter before us, are so integrally related that they must be considered together as one claim. This is so because, in most cases, as in the case now before us, establishing medical liability is the most difficult phase of the litigation.
Here, Relator worked on the case for 10 years and was then terminated. Two months later a settlement was reached with the Patient’s Compensation Fund. Liability was established and a settlement reached with medical providers before relator was terminated.
Under these circumstances, as outlined by Judge Welch joined by Judge Pettigrew at the Court of Appeal, relator is entitled to a portion of the fee from the second settlement on the basis of quantum meruit. We therefore reverse the ruling of the Court of Appeal in part and remand to the trial court for consideration of relator’s claim on the basis of quantum meruit.
REVERSED IN PART; REMANDED.
WEIMER, J., dissents and would grant and docket and assigns reasons.
GUIDRY, J., dissents.